UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MUSTAFA BROWN,<br><br>Defendant. | Magistrate No. 07-0008<br>DAR |

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

**I. INTRODUCTION**

Defendant is charged by criminal complaint with unlawful possession of a firearm following conviction of a felony in violation of 18 U.S.C. § 922(g)(1). A consolidated preliminary and detention hearing was conducted by the undersigned United States Magistrate Judge on January 16, 2006.

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, the Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

**II. THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v.

United States v. Brown                                                                                       2

Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3rd Cir.1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

### III. DISCUSSION

The government's sole witness was Officer Conrad Chang of the Metropolitan Police Department's Fifth District. Officer Chang testified that on January 9, 2006, he and two fellow police officers were in a patrol car on the 2100 block of H Street, N.E., investigating recent shootings in the area. Officer Chang testified that the officers saw the Defendant sitting in a chair outside one of the homes on the street and they approached Defendant to ask him some questions. When the officers approached the Defendant, they noticed that he possessed a

United States v. Brown                                                                                          3

container containing alcohol and placed him under arrest. Officer Change testified that he observed Officer Miller search the Defendant and recover from the Defendant's waistband a fully loaded Glock 9mm handgun that had a bullet in the chamber.

In further support of the government's request for pretrial detention, counsel for the government proffered the contents of the report prepared by the Pretrial Services Agency. The report indicates that Defendant has prior convictions for unlawful possession of a firearm by a convicted felon, domestic assault and drug possession. Counsel for the government further proffered that Defendant committed the offense which gave rise to the second conviction while he was on supervision for the first one, and that his term of supervision for the second conviction was revoked for non-compliance.

Defendant's counsel asked for dismissal for lack of probable cause, but the court found there was probable cause. Through counsel, Defendant proffered that he is not charged with a crime of violence. In addition, Defendant proffered that he does not have a history of missing court appearances and therefore he is not a flight risk. Defendant further proffered that he has lived in the District of Columbia area his entire life and currently lives with his mother. Furthermore, Defendant proffered that even though he does not have full time employment, he does support himself by working odd jobs. Defendant requested that he be placed in the heightened supervision program.

### IV. **FINDINGS OF FACT**

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community. First, the nature and circumstances of the offense charged indicate that Defendant was in possession of a loaded

United States v. Brown                                          4

Glock 9mm handgun.

Second, for the reasons proffered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant is compelling.

Third, while Defendant has some ties to the community, his history and characteristics militate against pretrial release. Of particular significance is that Defendant has a prior conviction for unlawful possession of a firearm, and that his term of supervised release in that case was revoked because of his failure to comply with his conditions of supervision.

Finally, the undersigned is satisfied that the toll which unlawful possession of weapons has taken and continues to take upon this community is well-documented and need not be repeated here. The undersigned finds that while conditions might be fashioned which could reasonably assure Defendant's appearance, the government's evidence compels the conclusion that there is no condition or combination of conditions which would reasonably assure the safety of the community.

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the January 16, 2007 Order of Detention.

DEBORAH A. ROBINSON
United States Magistrate Judge

January 25, 2007
DATE