**IN THE
UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| v. | ) | CR. NO. 07-032 (EGS) |
| **MUSTAFA BROWN** | ) | |

**MOTION TO RECONSIDER ORDER OF DETENTION**

Mustafa Brown, by and through counsel, respectfully moves this Court to reconsider Mr. Brown's detention status. As grounds for this request, Mr. Brown states the following:

1. Mr. Brown has been indicted for unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). Mr. Brown was arraigned in relation to this charge on February 16, 2007 and he entered a plea of not guilty at that time. Mr. Brown is next scheduled to appear in court in connection with the instant case on February 28, 2007.

2. On January 10, 2007, Mr. Brown had his initial appearance in this case before a United States Magistrate Judge. Because the government requested a detention hearing at Mr. Brown's initial appearance, Mr. Brown was held without bond until the date of his consolidated preliminary and detention hearing. The consolidated hearing occurred on January 16, 2007 and, at the conclusion of the hearing, the magistrate court ordered that Mr. Brown shall remain held without bond in relation to this case.

3. Congress enacted the Bail Reform Act of 1984 to give courts the authority to consider factors such as community safety and the likelihood of flight in making release determinations. In passing the Act, however, Congress did not intend to authorize the wholesale pretrial incarceration of all persons accused of criminal offenses. Indeed, the Act expressly provides that "[n]othing in this

section shall be construed as modifying or limiting the presumption of innocence." 18 U.S. Code Section 3142(j).  Significantly, Courts have recognized that the statutory scheme of Section 3142 continues to favor release over pretrial detention.  See United States v. Orta, 760 F.2d 887, 890-892 (8th Cir. 1985); United States v. Miller, 625 F. Supp. 513, 516-17 (D.Kan. 1985).

    4.    In Mr.Brown's case, he does not pose the danger to the community with which the 1984 Bail Reform Act is concerned.  The passage of the pretrial detention provision of the 1984 Act bespeaks a recognition that "there is a small but identifiable group of particularly dangerous [persons] as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons.  It is with respect to this limited group ... that the courts must be given the power to deny release pending trial."  S. Rep. No. 225, 98th Cong., 1st Sess. 6-7, reprinted in U.S. Code Cong. & Ad. News 3189 (emphasis supplied).  Mr. Brown is clearly not a part of this "limited group".

    5.    Although the instant offense involves a firearm, Mr. Brown is only being charged with possessing a firearm as opposed to injuring or threatening anyone with the firearm.  Even according to the government's version of events, Mr. Brown did not injure or threaten anyone with any firearm or other weapon.  Therefore, there is nothing about the instant offense which suggests that Mr. Brown could pose any danger to the community.

    6.    Moreover, Mr. Brown's background indicates that he poses no danger to the community.  According to the Pretrial Services Report, Mr. Brown has only one prior felony conviction.  Additionally, Mr. Brown's sole prior felony conviction does not even involve a crime of violence.  Based on Mr. Brown's limited criminal record, he certainly does not pose a danger to the community.

7. In addition to posing no danger to the community, Mr. Brown's appearance in court can be reasonably assured by means other than pretrial detention.[1] Probably the most important indicator with regard to whether Mr. Brown will appear in court when required is his history with respect to appearing in court in the past. When reviewing Mr. Brown's criminal history, records show that Mr. Brown has never been previously convicted for failing to appear in court. Mr. Brown's criminal history also reveals that he has never been previously convicted for escaping from a jail or from any halfway house.

8. Mr. Brown's lifetime residency in the District of Columbia area and his strong family ties in the area are additional factors indicating that he will appear in court when required.[2] At the time of his arrest, Mr. Brown resided with his mother and his son. When working, Mr. Brown provides financial assistance to his household. When in the community, Mr. Brown also plays an active role in his son's life. See Exhibit 1. For instance, Mr. Brown would take his son to and from school each day. Id.. Mr. Brown also attended his son's school programs, he participated in teacher-parent meetings and he would be involved in athletic related activities involving his son. Id..

9. With regard to employment, Mr. Brown was performing "odd" jobs in the community at the time of his arrest. See Exhibits Two and Three. These odd jobs included painting and renovating homes as well as doing yard work for residents in his community. Although Mr. Brown accepted such odd job type tasks in order to assist in supporting himself and his family, Mr. Brown

---

[1] Although the magistrate court did not detain Mr. Brown on the basis that he poses a risk of flight, Mr. Brown will address the issue of flight risk in this motion in order to provide the court with a more complete picture of Mr. Brown's background.

[2] Mr. Brown's local family members include his eight year old son, his mother, a sister, a brother, an aunt, an uncle, his grandmother and cousins.

was seeking more permanent and lucrative employment at the time of his arrest. If released, Mr. Brown will continue to seek more permanent employment and he will do his best to obtain a full-time job as soon as possible. If released, Mr. Brown will also make efforts to enroll into some type of apprenticeship program in order to improve his employment options.

10.     As indicated above, Mr. Brown neither poses any threat to the safety of the community nor any risk of flight. Therefore, pursuant to 18 U.S.C. § 3142, the Court is required to release Mr. Brown under the "least restrictive" condition or combination of conditions that the Court determines will reasonably assure the safety of the community and Mr. Brown's appearance in court. In order to satisfy the court's statutory obligations, Mr. Brown requests that he be released under Pretrial Services High Intensity Supervision Program (HISP).[3] Consistent with the tremendous support Mr. Brown receives from his family members, he has a variety of options with respect to where he can live if released. One option available to Mr. Brown is to continue living with his mother and his son in the District of Columbia.[4] Another option available for Mr. Brown is to live with his older brother and his older brother's fiancé in Wheaton, Maryland. Mr. Brown's brother, Abdul Brown, is currently employed as a Prep Cook for Ray's the Classics restaurant in Maryland. Abdul Brown has been employed at this restaurant for eight months. Prior to his employment at Ray's the Classics, Adbul Brown worked for five years as a Cook and Kitchen Supervisor at Lindy's Bon Apetit in the District of Columbia. Abdul Brown's fiancé is employed as a Resident Manager

---

[3] As the court is aware, the HISP program requires defendants to report to Pretrial Services frequently and requires defendants to adhere to a curfew which is electronically monitored.

[4] Attached as Exhibit 4 is a letter written by Mr. Brown's mother which states that Mr. Brown can reside with his mother and that his mother is willing to make any necessary adjustments to her telephone in order to comply with the requirements of the HISP program.

for an apartment complex in Maryland.  Because living with his brother in Wheaton, Maryland will take Mr. Brown far away from the community which has negatively influenced him, Mr. Brown prefers to live with his brother in Maryland if given the option.  Undersigned counsel has spoken with Mr. Brown's brother and Mr. Brown's brother advised that Mr. Brown can live in the Wheaton, Maryland household and that there is no objection to maintaining a telephone in the household that meets all of Pretrial Services' monitoring requirements.

WHEREFORE, for these reasons and any such reasons that shall appear to the Court, the defendant, Mustafa Brown, respectfully requests that his motion be granted.  Mr. Brown further requests that this motion be considered at his status hearing on February 28, 2007.

                Respectfully Submitted,

                A.J. KRAMER
                Federal Public Defender


                _____/s/_____
                Tony W. Miles
                Assistant Federal Public Defender
                625 Indiana Avenue, N.W., #550
                Washington, D.C. 20004
                (202) 208-7500

# EXHIBIT

# 1

To whom it may concern:

I am writing this letter on behalf of Mr. Mustafa S. Brown. He is a very caring and loving person who has been taking care of his son since birth with the help of a very loving mother. Mr. Brown's son Mustafa S Brown Jr. looks up to his father reguardless of all situations. He is very responsible about him getting him ready for school in the mornings taking and picking him up from school he also spends a lot of quality time with him such as football games, video games and hopefully basketball season. Mr. Brown should be release today to be there to raise and take care of his son with some help to get into society to be able to provide for his self and family to have a life and not just be living. It is hard being a single parent because you find yourself just trying to get through the day and what ever tomorrow brings you will do ever you can for your kids. Please take into consideration that Mr. Brown is in his

son's life physically and emotionally and does what ever he can to care for his son

Thank you
Rakisha Lassiter
(202) 246-7179

# EXHIBIT

# 2



February 19, 2007

To whom it may concern,

This letter is written on behalf of Mr. Mustafa Brown. I have known Mr. Brown for over ten years and I have come to know him as a respectable person who strives to be a functional member of society.

In the fall of 2006, I offered Mr. Brown an employment opportunity for various handyman services on a property that I manage. Mr. Brown proved to be very dependable and eager to learn. In the process of developing a professional relationship with Mr. Brown, I began to notice that he had great potential for establishing a career which would provide the stability and independence that he was searching for.

If given another opportunity to pursue a skilled trade, I believe that Mr. Brown would be successful and I would not hesitate to assist him in such endeavors.

Your consideration regarding this matter is greatly appreciated in advance.

If necessary please feel free to contact me at the number listed below.

Sincerely,

Nicole Butler
Resident Manager

10811 Georgia Avenue ■ Wheaton, MD 20902 ■ Phone: 301-949-5880 ■ FAX 301-933-2513

# EXHIBIT

# 3

2/17/07

To whom may concern.
My name is Michael Lindsay, I'm a Painter for SS+B Professional Painters. Mustafa has done weekend side jobs with me. Most of the jobs consits of painting & dry wall work.
He has been very helpful on short notice calls, when some project need to be finish in a hurry. And for his consistant help & attendance we appericated his help. & I've known him for years.
Thank You
Michael Lindsay

P.S. I can be reach by cell phone. The # is (202) 222-7705 ← ML

# EXHIBIT

# 4

2/18/07

To Whom It May Concern,

My name is Naimah Omar and I reside at 523 16th St NE, Wash. DC 20002.

My son Mustafa Brown and his child lives with me.

I have no problem with Mustafa Brown being on House Arrest at our home. I am prepared to adjust the phone for the monitoring.

If need be I can be reached at (202) 388 9256.

Thank You
Naimah Omar
Mustafa Brown's
(Mother)

# EXHIBIT

# 5

# V.W. ASSOCIATES

1313 New York Avenue, NW
Washington, DC 20005
(202) 638-1948 / Fax (202) 638-0417

February 21, 2007

To Whom It May Concern:

Ref: Mr. Mustafa Brown

    This document is submitted as a character reference for Mr. Mustafa Brown who has volunteered his services with V.W. Associates.

    Mr. Brown is a person of great determination, fine intelligence, personal integrity and dedication. For approximately the last fifteen years, V.W. Associates has been a leader in the training and preparing the Hard-to-serve population to re-enter society as a skilled and productive individual. Our graduates are prepared to make a major contribution to their families, communities and to the greater society to which we all belong.

    As a person, Mr. Brown has demonstrated a maturity in his dealings with associates that speaks of his warmth and compassion. He is bright and alert as a personality and generally make decisions that are well based on facts. Mr. Brown has many interests and is well read. Mr. Brown is strong in his opinion but is ready to consider new information.

    We would request that all just and positive consideration be given to Mr. Brown as he attempts to achieve the personal and professional goals that he has set for himself. Most of the essential life lessons that Mr. Brown has needed to learn have been learned, in our opinion. He has the hope; he needs the opportunity that you can provide. Please be generous in your granting of that opportunity to Mr. Brown.

Sincerely,

*[signature]*

Ms. Mobley
Office Manager