UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | CRIMINAL NO. 07-00032 (EGS) |
| MUSTAFA BROWN : | |
| Defendant. : | |
| : | |
| : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER DETENTION ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully opposes the defendant's motion to reconsider detention order and requests that the court deny the defendant's motion.

1.    Now, Mr. Brown seeks reconsideration of Magistrate Judge Robinson's order to preventatively detain him pending trial, claiming that he is not a danger to the community.

2.    On January 16, 2007, the defendant was presented to the court for a consolidated preliminary and detention hearing before Magistrate Judge Deborah A. Robinson. Metropolitan Police Department Officer Chang testified, and the court found that probable cause existed for Possession of a Firearm and Ammunition by a Convicted Felon. After hearing the facts of the case and factual proffers by counsel, the court determined that the defendant was a danger to the community. Specifically, the court stated that "the government's evidence compels the conclusion that there is no condition or combination of conditions which would reasonably assure the safety of the community." *See* Detention Memorandum, p. 4.

3.    At the preliminary hearing, Officer Chang testified that the defendant possessed a Glock 17 semi-automatic handgun. Specifically, the defendant was carrying this firearm in his

waistband, making it fully accessible to him. Additionally, the gun was loaded with 17 rounds of ammunition in the magazine, and one round of ammunition was in the chamber. Not only did the defendant have immediate access to the firearm, but, if he chose to use it, it was primed and ready. Thus, the facts and circumstances alone that support the defendant's instant arrest indicate that he poses a danger to the community. The defendant possessed this firearm in a residential and commercial area of the city, 2126 H Street, NE, Washington, DC.

4. The defendant asserts no new facts or circumstances to support his claim that he is not a danger to the community. At the time the court detained the defendant without bond, it knew all the circumstances that the defendant reiterates in his motion.

5. First, the defendant reiterates that living with his mother or brother will address his criminal conduct and is a condition that will address the court's concern regarding the safety of the community. The Pre-trial Services Agency ("PSA") report states that the defendant resided with his mother. In fact, PSA verified this information. The defendant specifically stated to the court that he lived with his mother. Now, the defendant states that he has more than one place to live. The court was aware that the defendant had a stable residence. His residence was not an issue at the detention hearing. The government argues to the Court that having additional places to live does not mitigate or alleviate the danger that the defendant poses to the community. The defendant was residing with his mother and could have resided with his brother at the time he committed this crime. Further, the government will argue that, having a stable family does not create a social environment for the defendant that encourages him to refrain from engaging in criminal activity. The support of his family, specifically his mother, did not prevent the defendant from carrying a loaded semi-automatic handgun on the streets of the District of

Columbia. The government submits that his family environment will not prevent it in the future. The facts of the case revealed that the defendant was not openly carrying the weapon. Therefore, the defendant has and could continue to possess firearms without detection by his relatives. Residing with his relatives is not a condition that will sufficiently address the danger he poses to the community.

6. Second, the defendant claims that placement in the High Intensity Supervision Program will address the dangerousness issue. The government asserts that it will not. Prior to this arrest, the defendant was convicted of essentially the same offense in United States District Court for the District of Columbia on March 31, 2003. After a 5 month incarceration term, he was placed on supervised release for two years. The defendant was supervised in this jurisdiction by the United States Probation Office for the District of Columbia. In preparation for the detention hearing in this case, the undersigned counsel spoke with Mr. Rhodes, and according to him, the defendant is not amenable to supervision because he was non-compliant and was re-arrested while he was on supervised release. Ultimately, his supervised release term was revoked by the court because he was arrested for Possession with the Intent to Distribute PCP in the Superior Court for the District of Columbia. The defendant pled guilty to Possession of PCP in Superior Court. After his supervised release term was revoked, he served additional jail time, and he was released from the Bureau of Prisons on September 15, 2005. The level of supervision during a supervised release term is usually more restrictive than any conditions that could be set through the High Intensity Supervision Program. Even with a higher level of supervision, the defendant was unable to be compliant and was arrested for a narcotics offense. Moreover, the defendant is a recidivist because he has now been arrested for the same offense for

which he was previously supervised.   The defendant has demonstrated by his actions that he intends to carry a loaded firearm and that he is not amenable to community supervision.

Today, undersigned counsel had an opportunity to speak with Mr. Rhodes in passing while he was in magistrate court on another case.  Undersigned counsel apprised Mr. Rhodes of the defendant's motion to reconsider the detention order.  Mr. Rhodes still maintains his earlier position.[1]  Finally, the defendant made a specific request to be placed into the High Intensity Supervision Program at the detention hearing.  The court considered the request and mentioned it in the detention memorandum. *See* Detention Memorandum, p. 3.  Thus, the court was aware that the defendant was residing with his mother and that he was willing to be subject to electronic monitoring.  Still, the court held the defendant without bond.

7.    Third, the defendant claims that his background indicates that he poses no danger to the community because his prior felony conviction is not a crime of violence.  The defendant is correct.  However, the defendant's prior conviction is for Possession of Firearm by a Person Convicted of Domestic Violence.[2]  The defendant was charged with and convicted of that offense at the time because he possessed a firearm while having a domestic violence conviction.  On June 22, 1999, the defendant was convicted for domestic assault in D.C. Superior Court.  While the instant charge is technically not a crime of violence, the defendant's criminal history

---

[1] Because the defendant is not amenable to community supervision, the government submits that the defendant is a serious flight risk.  The government only addresses this issue because the defendant claims that he is not a serious flight risk in his motion to reconsider, and the government wanted to assert its position for the record.  However, the government acknowledges that the magistrate court determined that conditions could be set to reasonably assure the Defendant's appearance in court.

[2] The PSA report inaccurately states that the defendant was convicted of Possession of a Firearm by a Convicted Felon.

certainly indicates that the defendant has acted in a harmful manner towards others in the community.

WHEREFORE, the United States understands that this court has the discretion to amend the magistrate court's detention order. The United States respectfully moves this Court to deny the defendant's motion to reconsider his bond status because: (1) he failed to assert any new circumstances that would warrant reconsideration and sufficiently address the issue of dangerousness to the community and (2) all the facts in the record indicate that the defendant is a danger to the community as demonstrated by his on actions and criminal history.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

/s /
_____
ANGELA HART-EDWARDS
ASSISTANT UNITED STATES ATTORNEY
555 4th Street, N.W., Room 4241
Washington, DC 20530
(202) 307-0031

/s/
_____
ANGELA S. GEORGE
MAGISTRATE COURT AUSA
D.C. Bar 470-567
555 4TH Street, N.W., Room 4444
Washington, DC 20530
(202) 514-7315