## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CR. CASE NO. 07-032 (EGS) |
| MUSTAFA BROWN | : |

### MOTION TO SUPPRESS

Mustafa Brown, through counsel, moves this Court for an order suppressing any and all evidence seized from his person as a result of his encounter with law enforcement officers on or about January 9, 2007.  Mr. Brown seeks to suppress evidence in this case because the warrantless stop, search and arrest relating to him violated his Fourth Amendment rights under the United States Constitution protecting him against unreasonable searches and seizures.[1]  Such evidence includes, but is not limited to, a firearm and ammunition.

### INTRODUCTION

A single Count indictment was filed against Mr. Brown in this Court on February 8, 2007. The indictment charges Mr. Brown with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year.  Mr. Brown was arraigned on February 16, 2007 in connection with the indictment and he entered a not guilty plea at that time.  A Motions Hearing is the next scheduled proceeding in connection with Mr. Brown's case.  The Motions Hearing is currently scheduled to take place on June 20, 2007.

---

[1]In the event counsel learns of new information supporting the need for further motions, counsel respectfully reserves Mr. Brown's right to later supplement this motion and/or file additional motions which may be appropriate in his case.

**STATEMENT OF FACTS**[2]

On January 9, 2007, at approximately 9:15 p.m., law enforcement officers stopped Mr. Brown in the 2100 block of H street in Northeast Washington, D.C..  Although the officers did not have a warrant, the officers seized Mr. Brown and searched him.  As a result of this search, officers claim to have found a firearm and ammunition.  Mr. Brown asserts that the officers did not have probable cause, or any other valid exception to the warrant requirement, to engage in the stop, search and seizure described in this motion.

**ARGUMENT**

**I.   THE EVIDENCE SHOULD BE SUPPRESSED BECAUSE THE WARRANTLESS STOP, SEARCH AND SEIZURE INVOLVING MR. BROWN VIOLATED HIS FOURTH AMENDMENT RIGHTS.**

The Fourth Amendment of the United States Constitution requires that all searches and seizures, including searches and seizures of the person, be "reasonable."  See also Vernonia School District 47J v. Acton, 515 U.S. 646 (1995).  In order for warrantless stops, searches and seizures to be "reasonable," they must be supported by a limited exception such as probable cause.  See New Jersey v. T.L.O., 469 U.S. 325, 341-342 (1985).  In the instant case, the stop, search and seizure involved in this case were unreasonable considering that such action was taken by law enforcement officers without a warrant or without any legitimate exception to the warrant requirement such as probable cause.

For these reasons, the stop, search and seizure involving Mr. Brown violated the Fourth Amendment of the United States Constitution.  Since exclusion of any evidence recovered as a result

---

[2]This statement of facts is a summary based on the statement of facts in the P.D. 163 police report.

of a Fourth Amendment violation is the proper remedy in such circumstances,[3] Mr. Brown requests

that all items seized as a result of the unlawful activity be suppressed.  Such items include, but are

not limited to, a firearm and ammunition.

**II.      THE BURDEN IS ON THE GOVERNMENT TO JUSTIFY THE STOP, SEARCH
AND SEIZURE INVOLVING MR. BROWN.**

As discussed above, Mr. Brown asserts that the warrantless stop, search and seizure in this

case violated the Fourth Amendment.  Because the stop, search and seizure of Mr. Brown were all

conducted without a warrant, the government bears the burden of proving that such conduct was

legal.  Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed. 2d 564 (1971) (plurality

opinion).  Furthermore, searches conducted without prior judicial approval through the issuance of

a search warrant are per se deemed to be unreasonable.  Katz v. United States, 389 U.S. 347, 88 S.Ct.

507, 19 L.Ed. 2d 576 (1967).  With regard to Mr.Brown's seizure, the government has the burden

of showing probable cause for a warrantless seizure.  Hayes v. Florida, 470 U.S. 811 (1985); Florida

v. Royer, 460 U.S. 491, 500 (1983); United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980).  See

also Katz v. United States, 389 U.S. 347 (1967); Henry v. United States, 361 U.S. 98 (1958).  The

government bears the burden of adducing sworn testimony sufficient to satisfy this Court that the

facts and circumstances known to the arresting officer at the time Mr. Brown was searched and

seized justified such conduct.  United States v. Jenkins, 530 F. Supp. 8, 10 (D.D.C. 1981), citing,

Brinegar v. United States, 338 U.S. 160, 175 (1949).  Although certain exceptions to the warrant

requirement have developed, these exceptions are "jealously and carefully drawn." Jones v. United

States, 357 U.S. 493, 499, 78 S.Ct. 1253, 1257, 2 L.Ed. 2d 1514 (1957).

---

[3]See Wong Sun v. United States, 371 U.S. 471 (1963).

**CONCLUSION**

For the foregoing reasons, Mr. Brown claims that the stop, search and seizure involving him in this case were unlawful.  If the government disagrees, it should be required to justify the stop, search and seizure at a hearing.  If it cannot do so, Mr. Brown respectfully requests that this Court suppress all evidence seized, and fruits thereof, as a result of the unconstitutional stop, search and seizure involved in this case.

Mr. Brown respectfully requests an evidentiary hearing on this motion.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Tony W. Miles
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Criminal No. 07-032 (EGS)** |
| | **:** | |
| **MUSTAFA BROWN** | **:** | |
| | **:** | |

**ORDER**

_____ Upon consideration of defendant's Motion to Suppress, it is hereby

**ORDERED** that defendant's motion is **GRANTED**; and it is

        **FURTHER ORDERED** that all evidence seized in connection with this case shall be

suppressed.

        **SO ORDERED**.


_____        _____
                                        THE HONORABLE EMMET G. SULLIVAN
                                        UNITED STATES DISTRICT JUDGE


DATE:

Copies to:
AFPD Tony W. Miles
AUSA Angela Hart-Edwards