IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNTIED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Docket No. 07-0008M-01 (CR) |
| MUSTAFA BROWN : | CRIMINAL NO.  07-032 (EGS) |
| : | |
| : | |
| **Defendant.** : | |

**UNITED STATES' NOTICE OF INTENTION AND MOTION TO ADMIT
EVIDENCE OF DEFENDANT'S PRIOR CONVICTION PURSUANT
TO FEDERAL RULE OF EVIDENCE  609**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies defendant and the Court of its intent to impeach defendant, should he choose to testify, with a prior conviction pursuant to Fed. R. Evid. 609.  In support of its Notice, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this Notice.

**Background**

1. On February 8, 2007, defendant Brown was indicted for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1) for an incident that occurred on January 9, 2007.

2. On April 17, 2003, defendant Brown was convicted of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Domestic Assault, in violation of 18 United States Code, Section 922 (g)(9), case number CR 02-299.

3. Pursuant to Fed. R. Evid. 609(a)(1), the government seeks admission of the aforementioned conviction for impeachment purposes, should defendant Brown choose to testify

at trial.

### Fed. R. Evid. 609(a)(1) One Year Imprisonment Threshold Met

4. "[E]vidence that an accused has been convicted" of a crime punishable by more than one year of imprisonment "shall be admitted if the court determines that the probative value outweighs the prejudicial effect to the accused." Fed. R. Evid. 609(a)(1).

5. As stated in the certified copy of the Judgment in A Criminal Case No. 02-299 entitled United States v. Mustafa Brown, on April 17, 2003, defendant Brown was convicted of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Domestic Assault, a crime punishable by more than one year of imprisonment in violation of 18 U.S.C. § 922(g)(9). This crime is punishable by more than one year and meets the one year threshold of Fed. R. Evid. 609(a)(1).

### Fed. R. Evid. 609(b) Temporal Restriction Requirement Met

6. Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes: "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . ." Here, Brown's conviction was in April 2003, and the date of the instant offense is January 9, 2007. Therefore, the timing of the conviction falls within the purview of Fed. R. Evid. 609(b).

### Prior Convictions are More Probative than Prejudicial

7. In evaluating whether the probative value of a conviction outweighs its prejudicial effect, the trial court should begin with the premise, articulated by the D.C. Circuit, sitting en banc, that all felony convictions which meet the ten-year time limit proscribed in Rule 609(b) are at least somewhat probative of the defendant's credibility. United States v. Lipscomb, 702 F.2d

1049, 1062 (D.C. Cir. 1983) (en banc).  In performing Rule 609(a)(1)'s balancing test of probativeness versus prejudice, the Lipscomb court held that the trial court has discretion to decide how much background information about the conviction, if any, it needs in performing its analysis.  Id. at 1051, 1073.

    8.  As noted by the Court of Appeals, "[c]ourts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary."  United States v. Lewis, 626 F.2d 940, 950 (D.C. Cir. 1980) (citation omitted).  In Lewis, the defendant was charged, among other things, with distribution of phenmetrazine; after taking the stand, he was impeached with evidence that he had been convicted several years before for distributing drugs in violation of the Controlled Substances Act.  Id. at 943, 947.  The court held that there was no error in admitting evidence of the defendant's prior conviction (which involved the distribution of heroin, id. at 944), noting that "[t]he fact that the prior felony conviction was for a narcotics offense, and the defendant was again being tried for a similar offense, does not render the prior conviction inadmissible," and directing that in such circumstances a limiting instruction should be given to the jury.  Id. at 950.[1]

---

[1] To be sure, the court in Lewis acknowledged that in a narcotics prosecution a prior narcotics conviction carries more prejudice, and it noted that in this case the evidence of the conviction carried more probative value where the defendant had testified that he was not knowledgeable about drug transactions.  Id. at 951.  Nonetheless, as the Court of Appeals noted en banc, this additional factor was not critical in determining that the probative value of the conviction outweighed its prejudice.  While Lewis might at first be considered a "special" case because the prior conviction served not only to impeach credibility but also to rebut specific testimony, the Court in Lipscomb commented, "our analysis did not treat this [additional] reason as critical" in holding the conviction admissible under the balancing test.  Lipscomb, 702 F.2d at 1058, n.35 (en banc).

9. Inasmuch as every impeachment by prior conviction involves some inherent prejudice to a defendant, that prejudice by itself should not be enough to preclude the government's impeachment of the defendants in this case.  Cf. Lipscomb, 702 F.2d at 1062 ("[w]hen the defendant is impeached by a prior conviction, the question of prejudice . . . is not if, but how much") (emphasis in original).  Should the defendant testify in this case, the issue of their credibility will be a central issue for the jury.  The probative value of the conviction in assessing that credibility, involving as it does a serious and recent offense,  clearly outweighs whatever prejudice there may be to the defendant  -- particularly given the limiting instruction that can be given to the jury in order to preclude  its use of such evidence for an improper purpose.

## Prior Conviction is Admissible for Substantive Purposes - as an Element of the Crime

10. In addition to impeachment, the Government intends to introduce evidence of the above listed offense for substantive purposes because conviction of a prior felony is a required element to prove Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year.  18 U.S.C. § 922(g)(1), unless the defendant offers to stipulate to this fact.

WHEREFORE, the government respectfully notifies defendant and the Court of its intent to use defendant's prior conviction for impeachment purposes.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY
        D.C. Bar

By: _____
        Angela Hart-Edwards
        Assistant U.S. Attorney
        PA Bar 61468
        U.S. Attorney's Office
        555 4th Street, N.W., Rm. 4241
        Washington, D.C. 20530
        (202) 307-0031

**Certificate of Service**

I hereby certify that a copy of the Government's Notice of Intention and Motion to Admit Evidence of Defendant's Prior Convictions Pursuant to Federal Rule of Evidence 609 was served by electronic filing on this 10th day of April, 2007.

_____
Angela Hart-Edwards
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNTIED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | Docket No. 07-0008M-01 (CR) |
| **MUSTAFA BROWN** : | CRIMINAL NO. 07-032 (EGS) |
| : | |
| : | |
| **Defendant.** : | |

ORDER

This matter comes before the Court on the Government's Notice of Intention and Motion to Admit Evidence of Defendant's Prior Conviction Pursuant to Federal Rule of Evidence 609.

It is hereby ORDERED, this _____ day of _____, 2007, that the Government's Motion is GRANTED;

It is further ORDERED that felony conviction, including the name of offense charged and convicted in United States District Court for the District of Columbia with a criminal case number 02-299 is admitted for impeachment purposes in a trial of the defendant should he choose to testify.

_____
DISTRICT COURT JUDGE R.W. ROBERTS