IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CR. CASE NO. 07-032 (EGS) |
| MUSTAFA BROWN | : |

**OPPOSITION TO GOVERNMENT'S MOTION TO ADMIT EVIDENCE OF DEFENDANT'S PRIOR CONVICTION IN THE EVENT MR. BROWN TESTIFIES AT TRIAL**

Mustafa Brown, through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Evidence 609, for an Order prohibiting the government from using Mr. Brown's alleged April 17, 2003 Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Domestic Assault prior conviction for impeachment purposes should he testify during his trial.

If the government can prove that the alleged prior conviction which it proposes to introduce is "punishable by death or imprisonment in excess of one year" and that the alleged conviction falls within a ten year time limit, Rule 609 allows the admission of such prior conviction for impeachment purposes only if the government can show that "the probative value of admitting this evidence outweighs its prejudicial effect to the accused."  See also United States v. Lipscomb, 702 F.2d 1049, 1055 (D.C. Cir. 1983).  In this case, the probative value of admitting Mr. Brown's alleged prior conviction does not outweigh the prejudicial effect to Mr. Brown if such evidence is admitted.  Evidence concerning this alleged prior conviction will have very little probative value with respect to Mr. Brown's truthfulness during any potential trial

related to the instant case. Unlike a conviction for offenses such as fraud, embezzlement or perjury, the alleged prior firearm conviction does not involve dishonesty or false statements. Additionally, because it is alleged that the prior conviction is about four years old, admission of this evidence will have very little, if any, relevance to Mr. Brown's current credibility. Therefore, evidence concerning this alleged prior conviction has very limited probative value with respect to Mr. Brown's truthfulness at any upcoming trial.

The prejudice which will result if the government is allowed to impeach Mr. Brown with the alleged prior firearm conviction is great. Such evidence will unfairly taint Mr. Brown's character and, based on this tainted character alone, the jury will surely believe Mr. Brown is more likely to have committed the offense charged in the instant case. The prejudice in allowing evidence concerning a prior firearms offense is especially great here considering that the instant case also a firearm. Admission of evidence concerning the alleged prior firearms conviction will surely cause the jurors to believe it is more likely that Mr. Brown is guilty of the pending firearms offense simply due to his alleged prior conviction. Also, the potential for jury confusion here is substantial because the jury will have difficulty keeping the facts of each offense separate. Regardless of the strength of the government's evidence with respect to the charged offense, the jury is likely to find Mr. Brown guilty of the charged crime if it is allowed to hear evidence that Mr. Brown previously committed a similar crime.

The D.C. Circuit has repeatedly recognized the prejudicial impact of allowing a jury to learn of an accused's criminal record. In <u>United States v. Daniels</u>, 770 F.2d 1111 (D.C. Cir. 1985), for instance, the D.C. Circuit noted that

[t]he exclusion of bad acts evidence is founded not on a belief that the evidence is

> irrelevant, but rather on a fear that juries will tend to give it excessive weight, and on a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds. That juries treat prior convictions as highly probative has been confirmed by empirical investigations. Such reliance by the trier of fact offends the "long standing tradition that protects a criminal defendant from 'guilt by reputation' and from 'unnecessary prejudice.'"

Daniels at 1116 (citations omitted).

In United States v. Lipscomb, supra., the D.C. Circuit discussed the prejudice a defendant suffers when the jury hears evidence of his prior crimes and the ineffectiveness of curative instructions in resolving the problem when saying the following:

> [t]he jury is told to consider the defendant's prior conviction only on the issue of credibility and not on the overall issue of guilt. But limiting instructions of this type require the jury to perform "a mental gymnastic which is beyond, not only their powers, but anybody's else." In the words of Justice Jackson: "the naive assumption that prejudicial effects can be overcome by instructions to the jury, all practicing lawyers know to be unmitigated fiction."

Lipscomb at 1062 (citations omitted).

## CONCLUSION

As discussed above, even if the government is able to show that Mr. Brown has a prior felony conviction for unlawful possession of a firearm and that the prior conviction falls within the ten year time limit provided for in Rule 609(b), the government is still precluded from admitting evidence concerning the alleged prior firearms conviction under Rule 609 because the probative value of admitting this prior crimes evidence does not outweigh its prejudicial effect to Mr. Brown. The probative value of the prior crimes evidence is very weak while the prejudicial effect to Mr. Brown is great. For these reasons, this Court should exclude at trial any evidence concerning Mr. Brown's alleged prior conviction.

Respectfully submitted,
A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Tony W. Miles
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202)  208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| v. | : CRIMINAL NO.  07-032 (EGS) |
| | : |
| **MUSTAFA BROWN** | : |
| | : |

**ORDER**

Upon consideration of the government's motion regarding Rule 609 admissibility, and defendant's opposition, it is this _____ day of _____ , 2007, hereby

**ORDERED** that the government's Motion is **DENIED**; and that the government is precluded from using Mr. Brown's prior conviction for impeachment purposes in the event Mr. Brown testifies at his trial.

---

THE HONORABLE EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

Copies to:

AFPD Tony Miles
AUSA Angela Hart-Edwards