IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNTIED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | |
| MUSTAFA BROWN : | CRIMINAL NO.  07-032 (EGS) |
| : | |
| : | |
| **Defendant.** : | |

UNITED STATES' OPPOSITION TO
DEFENDANT MOTION TO SUPPRESS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the Defendant's Motion to Suppress.  In support of its Opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing.

**Background**

1. On February 8, 2007, the defendant Brown was indicted for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1) for an incident that occurred on January 9, 2007.

2. At a hearing or trial in this matter, government counsel expects the evidence to demonstrate that on January 9, 2007, at about 9:15 p.m. Metropolitan Police Officers Conrad, Miller, and Wiedefeld were working the evening tour of duty in PSA 504, also known as Hotzone 504, in full uniform and marked scout car.  The officers were gathering information in reference to the numerous shootings that have been taking place in the area.  Indeed, they had made contact with a number of individuals in the area in attempt to gather information.  While on

patrol in the 2100 block of H Street, NE, Officer Miller observed the defendant sitting on a chair in front of 2126 H Street, NE. All three officer approached the defendant to see if he had any information in reference to the shootings. As the officers approached the defendant by walking up the sidewalk in a public place, the defendant was observed with an open bottle of Heineken beer in his hand that he placed on the ground as the officers approached. Officer Miller further found that the bottle of Heineken was half full. At this point, the officers proceeded to place the defendant under arrest for possession of an open container of and drinking alcohol in a public place, in violation of D.C. Code § 25-1001.

3. As the officer were about to place the defendant under arrest he attempted to flee. The defendant also appeared nervous. The officers were able to restrain the defendant at which time Officer Miller retrieved a pistol from the defendant's waistband.

4. The defendant now moves this Court to suppress the stop, search, and seizure of the defendant and pistol arguing that the warrantless stop, search and seizure violated his Fourth Amendment Rights. The defendant's motion is without merit and should be denied.

## Argument

5. Although the Supreme Court has repeatedly held that warrantless searches are presumptively unreasonable and that, absent "a few specifically established and well-delineated exceptions," Katz v. United States, 389 U.S. 347 (1967), a police officer must obtain a warrant before conducting a search of one's home, this rule is, as Professor LaFave notes, "far from being an accurate portrayal of current law or practice. . . ." LaFave, Search and Seizure, § 4.1(a), at 118 (3d ed. 1996).

6.     <u>The warrantless arrest of the defendant was lawful</u>.  Police do not always need a warrant before making an arrest.  The Fourth Amendment permits police to make warrantless arrests upon probable cause for misdemeanors committed in their presence and for any felony.  <u>United States v. Watson</u>, 423 U.S. 411 (1976); <u>see Atwater v. City of Lago Vista</u>, 532 U.S. 318 (2001) (Fourth Amendment does not forbid warrantless arrests for minor crimes such as seatbelt violations committed in officer's presence).

7.     The defendant committed a misdemeanor in the presence of the police officers. "[N]o person in the District shall drink an alcoholic beverage or possess in an open container an alcoholic beverage in or upon any of the following places: a street, alley, park, sidewalk, or parking area ... . [A]ny person violating the provision of this Section shall be guilty of a misdemeanor. .. ." District of Columbia Criminal Law and Procedure § 25-1001.  The defendant was sitting outside in public drinking beer in the presence of the officers.  Clearly, probable cause exists for the arrest of the defendant.

8.     <u>The search of the defendant was lawful</u>.  It is well established that after making a valid arrest, police may make a full search of the arrestee as well as the area that was under the arrestee's personal control at the time of arrest.  <u>Chimel v. California</u>, 395 U.S. 752, 763 (1969); <u>United States v. Holmes</u>, 385 F.3d 786 (D.C. Cir. 2004); <u>Wesley v. United States</u>, 293 F.3d 541 (D.C. Cir. 2002);  <u>United States v. Abdul-Saboor</u>, 85 F.3d 664 (D.C. Cir. 1996).   Here, the defendant had to be apprehended due to his attempt to flee the officers.  During the apprehension, the defendant was searched when upon the officers retrieved a gun from the defendant's waistband followed by the formal arrest.  Given the literal order of events, an argument can be made that the search preceded the formal arrest since it was during the apprehension of the defendant when the gun was found on his person.  Even so, the gun should not suppressed.  The

police may search a suspect whom they have probable cause to arrest if the formal arrest follows quickly on the heels of the challenged search and the search is supported by probable cause independent of the fruits of the search.  See United States v. Ronald Powell, No 05-3047 (D.C. Cir. April 2007).  Here, the probable cause to arrest the defendant was based on his commission of a misdemeanor (drinking alcohol in public and possession of open container of alcohol in public) in the presence of the officers; probable cause separate and apart from the firearm that was subsequently found on the person of the defendant in a lawful search incident to arrest.

WHEREFORE all of the forgoing reasons, the government respectfully request that this Court deny the defendants motion to suppress the stop, search and seizure of the defendant and firearm from his person.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610

By: _____/s/_____
Angela Hart-Edwards
Assistant United States Attorney
PA Bar #61468
U.S. Attorney's Office
555 4th Street, N.W., Rm. 44241
Washington, D.C. 20530
(202) 307-0031

### Certificate of Service

I hereby certify that a copy of the United States' Opposition  To Defendant's Motion To Suppress was served electronically upon counsel of record for defendant this 2th day of May, 2007.

_____
Angela Hart-Edwards
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNTIED STATES OF AMERICA** | : | |
| | : | |
| 5. | : | |
| | : | |
| **MUSTAFA BROWN** | : | **CRIMINAL NO.  07-032 (EGS)** |
| | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

Upon consideration of the Defendant's Motion to Suppress and the United States' Opposition thereto and evidence admitted at a hearing, it is this _____ day of

_____, 2007, hereby

**ORDERED** that the Defendant's Motion to Suppress is **DENIED**.

_____
E. G. SULLIVAN
United States District Judge


Copies to counsel of record